**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL PEREYRA,<br><br>               Petitioner,<br><br>v<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No.   15-71227<br><br>Agency No. A036-311-676<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2016[**]
Pasadena, California

Before: REINHARDT, WARDLAW, and OWENS, Circuit Judges.

Daniel Pereyra appeals from the Board of Immigration Appeals' order

denying his motion to reopen his immigration proceedings. As the parties are

familiar with the facts, we do not recount them here. We have jurisdiction

pursuant to 8 U.S.C. § 1252, and we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pereyra failed to file his motion to reopen within ninety days of the date the final administrative decision was rendered and, therefore, the motion was time-barred unless it was "based on changed circumstances arising in the country of nationality . . . if such evidence [was] material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). To prevail on a motion to reopen based on changed country conditions, an individual must "clear four hurdles": (1) he must produce evidence that conditions have changed in the country of nationality; (2) the evidence has to be "material"; (3) "the evidence must not have been available and would not have been discovered or presented at the previous proceeding"; and (4) he must "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2007) (citations omitted).

1. The BIA did not abuse its discretion in concluding that Pereyra failed to show changed circumstances in Argentina. The evidence that Pereyra submitted did not show that conditions have worsened for Protestants in Argentina since the election of Pope Francis. *Cf. Malty v. Ashcroft*, 381 F.3d 942, 944-46 (9th Cir. 2004) (holding that petitioner established changed circumstances where old

2

evidence showed that petitioner had been "taunted" and subjected to "persistent harassment" in Egypt due to his Christianity and new evidence documented arrests, torture, and murders of Egyptian Christians as well as violence against petitioner's family).

2. The BIA did not abuse its discretion in concluding that Pereyra failed to establish prima facie eligibility for asylum or withholding of removal. "To establish asylum eligibility, an applicant must show that he is unable or unwilling to return to his country of nationality 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). "The standard of proof required to establish eligibility for withholding is higher than the standard for establishing eligibility for asylum." *Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir. 2004). An individual is eligible for withholding of removal if he demonstrates a "clear probability of persecution" because of a protected ground. *Id.* (quoting *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000)) (internal quotation marks omitted).

Here, substantial evidence supports the BIA's determination that Pereyra did not demonstrate that Protestants in Argentina are subject to treatment rising to the

level of persecution. The evidence that Pereyra submitted shows that Argentina protects religious freedom, and there were no reports of abuses of religious freedom. Although there have been reports of societal discrimination based on religious affiliation, this does not rise to the level of persecution. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) ("Persecution is an extreme concept, which ordinarily does not include discrimination on the basis of race or religion, as morally reprehensible as it may be." (internal quotation marks and citation omitted)). Furthermore, even if Catholics in Argentina receive special treatment, that does not show that a Protestant has a well-founded fear of persecution, especially considering Argentina's efforts to protect religious freedom.

Accordingly, the BIA did not abuse its discretion in denying Pereyra's motion to reopen as untimely.

**PETITION FOR REVIEW DENIED.**